## SPERLING a. LEVY.

*New York Common Pleas; General Term, May,* 1860.

SUPPLEMENTARY PROCEEDINGS.—RETURN OF EXECUTION.

An execution may be returned at any time after it is issued, and supplementary proceedings may be taken immediately thereon; and it is immaterial that the return was made before the expiration of sixty days, at the creditor's request. The court will not go behind the return, except on a *direct motion to set it* aside.[*]

Appeal from an order refusing to set aside supplementary proceedings.

The facts are stated in the opinion.

BY THE COURT.—HILTON, J.—To entitle a party to the examination of a judgment-debtor under the first subdivision of section 292 of the Code, it is only necessary for him to show that an execution has been issued upon the judgment, against the debtor's property, and returned unsatisfied in whole or in part. In the language of that section, the judgment-creditor at any

---

[*] Compare in addition to the cases cited in the opinions, Spencer a. Cuyler (9 *Ante,* 382); Farquaharson a. Kimball (*Ib.,* 385, *note*); Owen a. Dupignac (*Ib.,* 180).

time after such return is made, is entitled to an order from a judge of the court requiring such judgment-debtor to appear and answer concerning his property.

By (2 *Rev. Stat.*, 440, § 77), it is provided that every sheriff, or other officer to whom any process shall be delivered, shall execute the same according to the command thereof, and shall make due return of his proceedings thereon, which return shall be signed by him. For any violation of this provision, such sheriff or other officer shall be liable to an action at the suit of the party aggrieved, for the damages sustained by him, in addition to any other fine, punishment, or proceeding which may be authorized by law. (See 3 *Rev. Stat.*, 5th ed., 739, § 98.) And it has long been settled that the sheriff's return is evidence that he has done those official acts which are required by the execution to be performed. (Browning *a.* Hanford, 5 *Den.*, 586, 598.)

Thus in Putnam *a.* Mann (3 *Wend.*, 202), it was held that a return of a constable upon a summons, of its personal service, is conclusive against the defendant in the cause in which it is made. Its truth cannot be traversed by plea in abatement or otherwise, but if it be false, the defendant's remedy is in an action against the constable for a false return. (1 *Cowen's Pr.*, 3d ed., 555 ; Wheeler *a.* Lampman, 14 *Johns.*, 481 ; Crocker on Sheriffs, § 44, or by a *direct* proceeding to vacate it ; Allen *a.* Martin, 10 *Wend.*, 301.)

This being the settled law in respect to an official return of the sheriff upon process by which the party is brought into court, and on which the court may proceed to give judgment against him even though the return may be false, there seems an obvious propriety in applying the same rules of law to his official acts in regard to the return of an execution, issued to enforce a judgment in an action where it is not pretended that any irregularity or fraud was practised in obtaining the judgment. And whether the act was performed at the request of the plaintiff, or whether it was done within the time permitted him by law to make his return, is, I think, entirely immaterial ; it is sufficient upon supplementary proceedings, under the section of the Code referred to, that an execution has been returned unsatisfied, as, upon that fact being shown to exist, the law declares that the judgment-creditor *is entitled* to an order requiring the debtor to appear

and be examined. It does not say that the order shall not be granted when the return has been procured upon the request of the creditor, nor does it require the execution to remain any specified time in the hands of the sheriff, before a return can be made upon which such proceedings may be instituted; it simply requires as a condition precedent to the granting of the order, that the execution shall have been returned unsatisfied in whole or in part.

Nor can it be said that the intention was not to permit the defendant to be examined in these proceedings until after the plaintiff has exhausted his remedy upon the execution, because in the second subdivision of the same section, his examination may be had before its return, where it appears to the satisfaction of the judge that the defendant has property, which he unjustly refuses to apply to the satisfaction of the judgment upon which the execution has been issued. And, therefore, the practice of the late Court of Chancery in respect to creditor-bills, and for which these proceedings are a substitute to a certain extent, has not, in my opinion, any applicability for the purpose of determining whether a party shall have an order which the law in express terms declares him entitled to. (Livingston *a.* Cleveland, 5 *How. Pr. R.*, 396.)

To refuse it because he has *requested* the sheriff to return the execution, or because that officer has failed to perform the duty imposed upon him by statute, while at the same time the official return is allowed to remain upon the files of the court, not vacated or discharged in any manner, or its character as an official act not lessened or impeached, is, in my opinion, assuming a power which the law does not confer upon us either as judges or as a court.

If the return is false, upon a direct motion for the purpose, let it be vacated; but while it stands in full force and validity, it should be regarded to the extent which the Legislature has declared: as a fact existing, entitling the creditor to an order requiring the debtor to appear and be examined concerning his property.

The law provides ample redress in case a judgment-debtor is imprisoned by a false return; and I am unwilling to so construe a plain enactment as will result in interposing any obstacle to a creditor seeking to collect a debt which, by the judgment of the

court, has been declared to be a just obligation; and especially am I unwilling where such a construction seems to me to require the interpolation in a statute of language at variance with its plain import and intention.

Entertaining these views, I am of opinion that in these proceedings we cannot go behind the sheriff's return upon the execution, and until that is vacated or set aside, the judgment-creditor is in all cases entitled to the order for the debtor's examination.

I have not deemed it necessary to refer to or comment upon the different views upon the question here discussed, and which have been stated in several reported cases; considering them as opinions of learned judges, entitled to great respect, but not of binding authority upon this court in determining the intent of the Legislature in enacting a law, the language of which appears to my mind so clear and explicit as to need no inquiry into the intention of the law-makers, except so far as it is expressed in the words employed by them. (*Sedg. on Const. Law*, 231, and cases cited; United States *a.* Fisher, 2 *Cranch*, 358.)

" When a law is plain and unambiguous, whether it be expressed in general or limited terms, the Legislature should be intended to mean what they have plainly expressed, and consequently no room is left for construction."

In my opinion the order appealed from should be affirmed.

DALY, F. J.—I agree that the mere fact that the execution was returned at the plaintiff's request before the expiration of the sixty days, is not in itself a sufficient reason for setting aside the supplementary proceedings. It is not inferable from that fact alone, that the return was obtained for the purpose of creating costs, or that it was done from any improper motives. I therefore concur in the conclusion of Judge Hilton affirming the order at special term.

BRADY, J. (dissenting.—After discussing another objection) I think that the order supplementary should have been discharged. The execution was returned, long before the expiration of the sixty days, at the request, direction, and demand of the plaintiff. The mere fact that the execution was returned within the sixty days would amount to nothing (Livingston *a.* Cleveland,

5 *How. Pr. R.*, 396), because, as stated by MASON, P. J., " It follows, that as we are to presume that the sheriff has done his duty in searching for property, when he has made his return of *nulla bona*, that we must regard the legal remedies of the plaintiff as exhausted, before these proceedings supplementary to the execution were instituted." Where, however, the execution is returned at the request of the creditor, no such presumption can be entertained. It is not the return of the sheriff, predicated of official action, and he assumes no responsibility in regard to it. It is the act of the creditor in fact, and a mere formula to enable him to adopt proceedings for which, it might be, there was no necessity. The Legislature never intended to subject the debtor to the expense of proceedings supplementary at the instance of the creditor, but to provide against the concealment of property, or against the enjoyment of property which official vigilance could not discover. The Supreme Court of this district (Pudney *a.* Griffiths, 6 *Abbotts' Pr. R.*, 211; S. C., 15 *How. Pr. R.*, 410), and the Superior Court of this city, have held that orders obtained in the manner stated, should be discharged. (James *a.* Nagle, 7 *Abbotts' Pr. R.*, 234.) It did not appear in either of the cases cited, that the creditor knew of property owned by the judgment-debtor, and available under execution. In this case, that fact is shown by the defendant's affidavits. I think the order, on principle and on authority, should have been discharged, and that the order made at special term should be reversed.

Order affirmed.