## REEVES v. SHERWOOD.

1. EXECUTION: *Return of before return day.*

The return of a justice's execution *nulla bona* on the same day that it is issued will authorize the filing of the transcript of the judgment and return in the circuit clerk's office, and upon return of *nulla bona* by the sheriff, upon an execution issued by the clerk, the plaintiff may file a bill in equity to set aside a fraudulent conveyance of the judgment debtor, and to sell the land for satisfaction of the judgment.

2. FRAUDULENT CONVEYANCE: *By insolvent to a member of his family.*

The conveyance by an insolvent debtor, pending suits against him, of all his property, to a member of his family for a grossly inadequate consideration expressed, but never paid, is conclusive of his intent to defraud his creditors; and it is immat.rial whether the grantee participa ed in his design.

APPEAL from *Jefferson* Circuit Court in Chancery.

Hon. J. A. WILLIAMS, Circuit Judge.

*McCain & Crawford* for Appellants.

1.   A simple statement of the facts of this case show, that the debtor was insolvent; that he conveyed the land to his daughter for a nominal consideration pending litigation by his creditors; that he had no other property subject to execution. This brings it within *22 Ark., 143; 32 Id., 251.* Nor can he prove a different consideration from that expressed in the conveyance. *30 Ark., 417; 20 Wall., 31.*

2.   It was not necessary for the constable to hold the executions full thirty days before returning them *nulla bona.* He might return at any time "within thirty days." See opinion by HARRISON, J., in *38 Ark., 17; Herman on Ex., p. 376.* See also *33 Ark., 328; 29 Ark., 612; 22 Id., 143.* So the sheriff might also return the executions at any time within sixty days,

Reeves v. Sherwood.

COCKRILL, C. J.   The appellants, who are the judgment creditors of J. R. Sherwood, filed their complaint in equity against him and his daughter, May B. Sherwood, to set aside a conveyance of land made by the debtor to his daughter, upon the expressed consideration of five dollars, while their suits at law, in which the judgments were rendered, were pending against him.

The complaint showed that the appellants' judgments were obtained before a justice of the peace in Union county; that executions issued upon them on August 12, 1882, and were returned by the constable on the same day, with an indorsement of no property found upon which to levy; that on the 15th day of the same month duly certified copies of the transcripts, with the executions and returns of *nulla bona*, were filed in the office of the circuit clerk of Union county, and were there docketed as judgments; that on the same day executions were issued upon these judgments directed to the sheriff of Union county, and upon the following day a return of *nulla bona* was made by the sheriff upon each of the writs, when alias executions were issued, directed to the sheriff of Jefferson county, who levied the same upon the land in question.   The complaint was filed in the Jefferson circuit court, in aid of these executions.

The defendants answered that the conveyance was in good faith from father to daughter, upon the consideration of natural love and affection, and without knowledge on the part of the daughter of the father's financial embarrassment.   A demurrer to the complaint accompanied the answer.

The cause was submitted to the court upon the pleadings and exhibits and proof of J. R. Sherwood's insolvency.   The complaint was dismissed at appellants' cost, the decree reciting that the demurrer was sustained by the court.

Reeves v. Sherwood.

**1. Return of execution before return day.** Doubtless the theory of the circuit court, in sustaining the demurrer, was that the creditors' suit had been prematurely brought, the constable and sheriff of Union county having returned all the executions *nulla bona* before the return day thereof.

The statute requires a return of *nulla bona* upon an execution issued by a justice of the peace, before the justice's judgment can be filed in the circuit clerk's office for the purpose of reaching realty. The validity of an execution issued by the circuit clerk upon a judgment of this sort, where the constable had made his return before the return day, was mooted but not decided in the case of *Jones, McDowell & Co. v. Ark., etc. Co., 38 Ark., 17.*

*Section 4104, Mansf. Rev. St.,* makes an execution issued by a justice of the peace "returnable within thirty days." Under a provision of the New York code, which required the return of an execution by a sheriff "within sixty days," the court of appeals of that state hold that the period beyond which an officer shall not retain an execution is fixed, but that the statute being silent as to how soon he may return it, the matter is within the officer's discretion, subject to his liability to any one who may be injured by the insufficient or improper performance of his duty. "In ordinary cases," says LEARNED, J., "it would doubtless be his duty to retain it for the purpose of securing the amount until near the time limited for its return. If, however, the defendant should be known to the sheriff to be notoriously insolvent, and he should take the hazard of an early return, I see no objection to its legality." *Renaud v. O'Brien, 35 N. Y., 102.*

This is a fair exposition of the statute, and establishes a reasonable rule. See *Treplow v. Buse, 10 Kan., 170; Middleton v. Nevitt, 17 Blackf., Ind., 51.*

But beyond this it is the policy of the law to treat the return of an officer as conclusive, when presented in a collateral proceeding as this is.

In the case of *Jordan v. Bradshaw, 17 Ark., 112*, it was held that the failure of a constable to return the execution unsatisfied before the transcript is filed in the circuit clerk's office is, at most, an irregularity, and is available to the defendant alone, and that too, only in a direct proceeding to quash the return. See, too, *State v. Farrell, 19 Ib., 247.*

The return of *nulla bona* upon the execution which went into the hands of the sheriff of Union county was made before the return day, and the court may have regarded it as premature and not competent to sustain this suit. This view is not without authority to sustain it, but the provision of the statute in regard to the return of an execution from the circuit court does not vary materially from that above quoted, (see *Mansf. Rev. St., Sec. 2971,*) and what is said of one is applicable to the other. When it becomes apparent that the effort to raise the debt by execution will be fruitless, it would be unreasonable to require the creditor to hold his other remedies in abeyance until the return day of the writ, and thereby afford the debtor the opportunity of effecting measures to evade all subsequent proceedings. *Freeman Ex., Secs. 353, 399, and cases supra; Sperling v. Levy, 10 Abb. Pr., 426; Tyler v. Whitney, 12 Ib., 465.*

The proceedings recited laid the basis for equitable relief. The question of fraud could not seriously perplex a court of equity. The case stands thus: An insolvent debtor, sued in a number of cases, conveys all his property subject to execution to a member of his family, for a grossly inadequate consideration expressed, but not in fact paid. This is conclusive of an intent to defraud the creditors on the part of the grantor, and it is immaterial whether the grantee participated in his design. It is the *bona fide* purchaser and not the innocent donee of an insolvent debtor, that courts seek to protect. *Sal-*

1. FRAUDULENT CONVEYANCE: By insolvent to a member of his family.

*mon v. Bennett, 1 Am. Lead. Cases, (H. & W.'s notes,) \*31; Ringold v. Waggoner, 14 Ark., 69; Apperson v. Burgett, 33 Ib., 328; O'Hair v. Moore, 23 Ohio St., 473; Spense v. Dunlap, 6 Lea, 457.*

Let the decree be reversed, and the case remanded with instructions to enter a decree in accordance with the prayer of the complaint.