(22 Misc. Rep. 87.)

ELEVENTH WARD BANK v. HEATHER et al.

(Supreme Court, Appellate Term. December 27, 1897.)

SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF JUDGMENT DEBTOR.

A sheriff's return of nulla bona, unless set aside upon motion, entitles the judgment creditor to an examination of the judgment debtor in supplementary proceedings, notwithstanding that the latter shows that he is seised of property upon which the execution might have been levied, unless he can also show fraud or collusion between the sheriff and the plaintiff.

Appeal from city court of New York, general term.

Supplemental proceeding in aid of execution issued on a judgment in favor of the Eleventh Ward Bank against George Heather and others. From an order of the general term (47 N. Y. Supp. 718) affirming an order of the special term vacating an order for the examination of respondent in supplementary proceedings, plaintiff appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

G. S. P. Stillman, for appellant.

Thomas D. Adams and Adams & Adams, for respondents. ·

DALY, P. J. The plaintiff instituted supplementary proceedings upon the return of an execution against property unsatisfied, and his affidavit set forth all the jurisdictional facts to entitle him to an order for the examination of the judgment debtor. Such an order was granted, but upon the return day it was vacated upon the motion of George Heather, one of the defendants, upon his affidavit showing that he was seised and possessed of real property subject to levy under execution. The granting of an order for the examination of a judgment debtor in supplementary proceedings is not discretionary, when the affidavit for such order complies with the requirements of the Code. Upon proofs of the facts the judgment creditor "is entitled" to the order. Code, § 2435. As he is entitled to the order, he is, as matter of course, entitled to the examination under it, unless any jurisdictional fact is disputed by the judgment debtor, or fraud or collusion between the sheriff and the creditor is shown. An attack upon the truth of the sheriff's return of nulla bona does not affect the right to the examination. The jurisdictional fact is the return itself. The truth of the return cannot be inquired into collaterally, but only upon motion to set it aside. The court will not go behind the return except upon such a motion. Sperling v. Levy, 10 Abb. Prac. 426; Tyler v. Whitney, 12 Abb. Prac. 465. The judgment debtor's affidavit to the possession of property ought not to hinder the examination. If he has property sufficient to satisfy the execution in full, he can sell it, and pay the judgment. If he does not do so, it is prima facie evidence that the property will not satisfy the judgment, and the creditor should be afforded every facility in his inquiry for further assets. In this case the court, without evidence that the property disclosed was sufficient to pay the judgment in full, or even any part of it, refused to allow the examination, thus putting the creditor to the delay and expense of a second execution, and a probably second resort to

48 N.Y.S.—29

supplementary proceedings; and this without any fault of his own, but for relying on the sheriff's return. In fact, the judgment creditor showed by affidavit the existence of prior unsatisfied judgments—some by confession—against the debtor, aggregating many thousands of dollars; thus confirming the probability that the property disclosed was insufficient to satisfy the plaintiff's execution. The debtor, in his affidavit, refrained from any statement as to whether the real estate was incumbered, or as to its value. But, even if there were nothing in the case to show that the property disclosed would probably not satisfy the plaintiff's judgment in whole or in part, the authorities are in favor of his right to the examination upon the sheriff's return of "No property," since it is not shown that such return was collusive or fraudulent. When the remedy of the creditor upon the return of execution unsatisfied was by creditors' bill, it was held that the motion for receiver in his suit should not be denied upon proof that the debtor had real estate upon which he had requested the sheriff to levy, and that, instead of doing so, the sheriff had returned the execution unsatisfied, because it was not shown that the property was sufficient to satisfy the whole judgment, or that the return was fraudulent or collusive. Stoors v. Kelsey, 2 Paige, 418. The fact that there was property which the sheriff ought to have taken or sold will not affect the right of the judgment creditor to supplementary proceedings. Fenton v. Flagg, 24 How. Prac. 499; 4 Wait, Prac. 132. The sheriff has a discretion in determining whether a sale of the property will yield anything to pay the judgment. He acts according to his information, and makes his return accordingly. Even where the judgment debtor takes the proper course, and moves to set aside the return of nulla bona as false, and it appeared that the sheriff, after a levy, had become satisfied that it would not bring sufficient, over previous liens, and after consultation with plaintiff's attorney, returned nulla bona, and the affidavits on the motion were contradictory as to the value of the property, the motion was denied. Evans v. Parker, 20 Wend. 622. A sheriff, after levy, being satisfied that an attempt to sell would be fruitless by reason of previous liens, may return nulla bona. Champenois v. White, 1 Wend. 92. The sheriff's return of no property furnishes sufficient evidence of the exhaustion of the legal remedies against the debtor to authorize the institution of a suit to reach other property possessed by him. Wright v. Nostrand, 94 N. Y. 31.

The authorities upon which the respondent relies do not conflict with the view we take that the judgment creditor, upon the return of his execution unsatisfied, is entitled to the examination of the judgment debtor in supplementary proceedings, notwithstanding that the latter shows that he is seised and possessed of property upon which the execution might have been levied, unless he can also show fraud, or collusion between the sheriff and the plaintiff. In Bank v. Quackenbush, 143 N. Y. 570, 38 N. E. 728, it was held that the creditor's remedy at law was not exhausted, since it appeared that his execution was not issued until after his judgment had ceased by lapse of time to be a lien on real property. In Moyer v. Moyer, 7 App. Div. 523, 40 N. Y. Supp. 258, the court refused to compel the transfer of real

property to a receiver in supplementary proceedings, because a sale by the receiver would cut off the right of redemption which the debtor would have upon a sale under execution, and the creditor was left to the latter remedy. In that case, also, the court found strong evidence of collusion, and an attempt to exonerate one judgment debtor by collecting the judgment out of the other. The court also found the return to be false, though attacked collaterally, because the order directing the transfer to the receiver showed the defendant to be seised and possessed of property subject to levy. The proofs in that case also showed that the defendant's property was worth, above incumbrances, far more than was sufficient to satisfy the plaintiff's judgment in full. And, finally, the court determined that there was no necessity for the transfer, the title to real property vesting in the receiver by operation of law,—citing Manning v. Evans, 19 Hun, 500, and other cases. We do not decide that the court would not have the right to refuse the appointment of a receiver if it appeared that the property of the judgment debtor, subject to levy, was sufficient to satisfy the judgment, or if for any good reason it appeared inequitable to make the appointment; but it is manifest that such a conclusion should not be reached, in view of the sheriff's return, until the creditor, by examination under his order, had had an opportunity of ascertaining the facts, and of ascertaining if the debtor had other property to which resort should be afforded the creditor.

The orders of the general term and special term should be reversed, and the case remitted to the city court, special term, to proceed with the examination under the order of June 21, 1897. Costs to appellant. All concur.

---

CATTARAUGUS CUTLERY CO. v. BUFFALO, R. & P. RY. CO.

(Supreme Court, Appellate Division, Fourth Department. December 18, 1897.)

1. CARRIERS—BAGGAGE—LIABILITY AS BAILEE—GROSS NEGLIGENCE.

A carrier transporting goods of a principal, as baggage of his traveling agent, without notice of the principal's ownership, is liable to the principal only for gross negligence, as a gratuitous bailee.

2. SAME—EVIDENCE.

A finding that a carrier was grossly negligent in allowing goods in its baggage room to be destroyed by fire is against the weight of the evidence, where it was shown that when the fire was discovered it was unsafe to enter the baggage room, and there was no opportunity to remove the goods, and the testimony of plaintiff's witnesses that inquiry had been made as to the removal of the goods was contradicted by defendant's witness, who was corroborated by others and the circumstances attending the fire.