### ROBBINS v. FESTETICS.

(District Court, E. D. New York. February 13, 1924.)

**1. Execution ⬅➡358—Theory of supplementary proceedings.**

Theory of supplementary proceedings in state courts is to afford a creditor the opportunity of ascertaining what property a debtor has, after he has exhausted usual methods of enforcing collection of judgment by a sheriff authorized to collect it.

**2. Courts ⬅➡355—District Court of state divided in several districts may entertain proceedings supplementary to execution under judgment of another District Court.**

Where judgment was obtained in court for Southern district of New York, Eastern district court has power to aid in execution of judgment by entertaining proceedings supplementary to execution, and issuance of execution in latter district is unnecessary, in view of Rev. St. § 985 (Comp. St. § 1631), providing execution may run and be executed in any part of state divided into two or more districts.

At Law. In the matter of proceedings supplementary to execution, as between Marguerite Elsie Oppenheim Robbins, as administratrix of the estate of Robert E. Oppenheim, judgment creditor, and Rudolph Festetics, judgment debtor. On motion to vacate order requiring defendant to appear for examination. Motion denied.

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Robinson & Gutterson, of New York City, for judgment creditor.
Charles H. Kriger, of Brooklyn, N. Y., for judgment debtor.

GARVIN, District Judge. The judgment debtor has moved to vacate an order of this court, dated January 23, 1924, requiring him to appear for examination in supplementary proceedings. On August 13, 1920, plaintiff recovered judgment against defendant (the judgment debtor) in the United States court for the Southern district of New York for $13,770.95. On August 24, 1920, an execution upon said judgment was issued out of that court to the United States marshal for the Southern district of New York, in which the judgment debtor then resided. He was examined in supplementary proceedings, under said judgment, in said Southern district. The order sought to be set aside was issued upon an affidavit showing that the judgment debtor has now acquired property and resides in this district.

The judgment debtor contends that this court is a separate and distinct court from the United States court for the Southern district of New York, and has no power to aid in the execution of a judgment of a District Court of another district. It may well be, as urged by the judgment debtor, that the Circuit and District Courts, as constituted prior to 1912, were separate and distinct tribunals. Not so the District Courts. One aids another in the administration of estates, by the appointment of auxiliary receivers, actions are removed from one to another, and District Judges sit in one or another by appropriate designation. No legal obstacle is perceived to the issuance of the order by this court upon a judgment rendered in another district of the state, in view of the applicability of the Conformity Act (Comp. St. § 1537), wherever proper, which is not questioned.

[1, 2] The judgment debtor also contends that a proper application of the Conformity Act requires that execution should have issued to and been returned unsatisfied by the marshal of this district, where the debtor resides. The theory of supplementary proceedings in the state courts is to afford a creditor the opportunity of ascertaining what property a debtor has, after he has exhausted the usual methods of enforcing collection of the judgment by a sheriff authorized to collect it.

In the instant case execution had been issued to a marshal authorized to collect in the Eastern district of New York. "All writs of execution upon judgments or decrees obtained in a Circuit or District Court, in any state which is divided into two or more districts, may run and be executed in any part of such state; but shall be issued from, and made returnable to, the court wherein the judgment was obtained." Rev. Stat. § 985 (Comp. St. § 1631). This makes it unnecessary to issue any further execution, as there has been a compliance with the requirement that execution has been issued to an officer authorized to act thereunder in the district in which the debtor resides and is now sought to be examined.

Motion to vacate denied.