## SMITH v. SOUTHWESTERN ENGRAVING CO.

No. 20942.    Opinion Filed May 24, 1932.

Wm. Blake, for plaintiff in error.

John F. Conway and Samuel A. Boorstin, for defendant in error.

CULLISON, J. Plaintiff instituted suit against defendant as the indorser of a promissory note seeking to recover the balance due on said note. Defendant made a special defense to plaintiff's cause of action. The cause was tried to the court without a jury and resulted in judgment for plaintiff. The parties will be referred to as they appeared in the trial court.

The record discloses that plaintiff recovered a judgment against W. D. Blacker. Shortly thereafter, Blacker purchased an automobile and mortgaged the same to the Tulsa Industrial Loan & Investment Company for $385. The note given in payment of said indebtedness was indorsed by the defendant, S. R. Smith, before the note was delivered to the loan company. After Blacker had mortgaged the automobile to the loan company, plaintiff attempted to levy an execution on said car and ascer-

tained that the same was covered by a chattel mortgage. Plaintiff purchased said note and mortgage from the Tulsa Industrial Loan & Investment Company for the sum of $242.97, and had the note and mortgage assigned to the plaintiff. Plaintiff's execution under the judgment previously rendered against Blacker was levied upon the automobile and the automobile sold for $150. Said amount was applied against the $242.97 plaintiff paid for the note and mortgage, leaving a balance of $92.97 of the amount paid for the note and mortgage remaining due. Plaintiff seeks to recover this amount of $92.97 from defendant, S. R. Smith, as indorser on the Blacker note in the suit at bar. The trial court found in favor of plaintiff and defendant appeals to this court, and states that the legal question involved in this case is:

"Can a judgment creditor pay off a debt of the judgment debtor due to a third person, which debt consists of a note secured by a chattel mortgage, and take a pretended assignment of the note and mortgage, then levy upon the property described in the mortgage by an execution obtained in his judgment which was obtained before the making of the note and mortgage, sell the property so mortgaged under said execution and then sue an accommodation maker on said note for the balance claimed to be due after the application on the debt of the proceeds from the sale of said mortgaged property, which debt has been satisfied by its payment to the original mortgagee?"

The question presented in the case at bar is covered by our statutes and by decisions of this court. The statutes applicable to said matter are as follows:

Section 7660, C. O. S. 1921:

"**Mortgaged chattel may be attached:** Personal property mortgaged may be taken under attachment or execution issued at the suit of a creditor of a mortgagor."

Section 7661, C. O. S. 1921:

"**Same—rights of mortgagee.** Before the property is so taken the officer, on execution, or attachment creditor, must pay or tender to the mortgagee the amount of the mortgage debt and interest, or must deposit the amount thereof with the county treasurer, payable to the order of the mortgagee. In the event that the attachment or execution levied on such property is defeated or for any reason fails, and the attachment or execution lien is held not good, and such deposit has been made with the county treasurer, the party procuring the issuance and levy of said attachment or execution shall be subrogated to all rights of the mortgagee in and to said property."

Section 7662, C. O. S. 1921:

"**Same—application of proceeds:** When the property thus taken is sold under process, the officer must apply the proceeds of the sale as follows:

"First: To the repayment of the sum paid to the mortgagee, with interest from the date of such payment; and,

"Second: The balance, if any, in like manner as the proceeds of sales under execution are applied in other cases."

In the case of Bell-Wayland Co. v. Miller-Mitscher Co., 39 Okla. 4, 130 P. 593, at page 7, this court had under consideration a case squarely in point with the case at bar, and held as follows:

"The issue between the parties appears to be whether the Bell-Wayland Company had in law subrogated itself to the rights of the mortgagee. That the Bell-Wayland Company had paid Caudle the amount due on the mortgage is not questioned; but the Miller-Mitscher Company maintains that the Bell-Wayland Company did not pay off and satisfy the mortgage, as required by law, in order to legally subrogate itself to the rights of the mortgagee, but merely purchased the mortgage and had the notes assigned to it, and bases its right of recovery on this distinction."

After making the above statement, the court quotes the sections of our statute applicable to the question under consideration and after quoting said sections, concluded as follows:

"It is very clear from the above decision and the authorities therein cited that it is mandatory, upon the part of the attaching creditor, to pay off and satisfy a prior mortgage before he can proceed under the attachment. Now the primary purpose of this law, as intended by the statutes and observed by the above authorities, is not so much to detach the lien created by a mortgage or remove the burden from the property which the mortgage places thereon, but to satisfy the mortgagee's claim—to protect him in his claim and secure him against loss. Hence it could not be material, under the circumstances of this case, whether the Bell-Wayland Company satisfied the mortgage debt one way or another; the purpose of the statute being to protect the mortgagee and to give to the party who satisfies the mortgage lien the same rights which would have accrued to the mortgagee."

We observe that the sections of the statute just quoted, supra, provide the procedure whereby property covered by mortgage is sought to be reached by attachment or execution.

In the Bell-Wayland Case, supra, this court had under consideration and construed said sections of our statute relative to an attachment.

In the case at bar, we have under consideration an execution. The sections of the statute just quoted, supra, make the same provisions for the handling of an attachment or an execution, so that the decision of this court relative to the purchase of a chattel mortgage so as to levy an execution upon property covered by said mortgage would be the same whether execution or attachment is procured.

In the Bell-Wayland Case, this court held that the purpose of the statutes as quoted was to protect the mortgagee and to give to the party who satisfies the mortgage lien the same rights which would have accrued to the mortgagee.

The original mortgagee had a right to proceed against an indorser of the note, who is the defendant in this case, and when plaintiff purchased the note and mortgage it secured all the rights of the original holder, to wit, a right to proceed against an indorser on said note.

The sections of our statute cited, supra, and the authority quoted herein are conclusive of the matter considered in this appeal.

There being no error in the judgment of the trial court, the same is hereby affirmed.

HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and RILEY, J., absent.