KORAN et al. v. DRYER, CLARK & DRYER OIL CO.

No. 29451. Sept. 10, 1940.

Rehearing Denied Sept. 17, 1940.

Application for Leave to File Second Petition for Rehearing Denied Oct. 1, 1940.

*105 P. 2d 526.*

Owen F. Renegar, of Oklahoma City, for plaintiffs in error.

Charles Miles, of Beaver, and Byrne A. Bowman and A. K. Little, both of Oklahoma City, for defendant in error.

HURST, J. Plaintiff, Dryer, Clark & Dryer Oil Company, recovered a money judgment against defendants J. J. Koran and Annie Lucy Koran in the district court of Beaver county. Being unable to collect the judgment, plaintiff initiated proceedings in aid of execution in Oklahoma county, where the defendants then resided, in an effort to discover and apply to the satisfaction of its judgment assets of the defendants. In compliance with section 480, O. S. 1931, 12 O. S. A. § 843, plaintiff filed its affidavit in the district court of Oklahoma county, after execution had been issued out of the district court of Beaver county to the sheriff of Oklahoma county, and on April 11, 1938, District Judge Ben Arnold, Oklahoma county, made and entered an order appointing Howard M. Boyer referee to hear and conduct the examination of defendants and Blue Bonnet Garage, Inc., of which J. J. Koran was president and Annie Lucy Koran was secretary, and directing the defendants to appear for examination before such referee at his office in Oklahoma City on April 19, 1938, at 1:30 p. m. This order was duly served on defendants, but was not obeyed by them. Thereupon plaintiff instituted a contempt proceeding in the cause pending in the district court of Beaver county to punish defendants for the violation of this order. Defendants demurred to the information for contempt on the ground that it did not charge any element of contempt against the district court of Beaver county, and that it related to matters not within the jurisdiction of that court. The demurrer was overruled, and the district court of Beaver county adjudged their failure to comply with the order of Judge Arnold a contempt and assessed fines against each of the defendants, from which defendants appeal.

While defendants make numerous contentions, consideration of only one is necessary, namely, that the disobedience by them of the order made by Judge Arnold was not a contempt against the authority and dignity of the district court of Beaver county, and that if in fact they were guilty of contempt, such contempt was punishable only by Judge Arnold. Plaintiff asserts that Judge Arnold was acting merely as a subordinate of the district court of Beaver county, and that such court was therefore empowered to punish such disobedience.

Supplementary proceedings in aid of execution are statutory, and the authority therefor is contained in sections 479 to 496, O. S. 1931, 12 O. S. A. §§ 842 to 862. By sections 479 and 480 the judges of the county, district, or superior court of the county in which the order may be served may, upon application of the judgment creditor, order the judgment debtor to appear and answer concerning his property or assets. By section 481 such judge is authorized to cause the arrest of a debtor who is about to leave the state, or conceal himself. By section 486 he is authorized to appoint a receiver for the judgment debtor's property under certain conditions. By section 492 he may appoint a referee to hear and report the facts shown by the evidence produced before him. By section 493 such judge is authorized and empowered to punish, as for contempt, any person, party, or witness who disobeys an order of the referee, or judge, which has been duly served upon him.

These statutes present a comprehensive plan for the examination of judgment debtors by or under the supervision of a judge of the county in which they reside or may be found. While such judge acts in a subordinate capacity, he

is vested with authority to make the various orders, and to enforce obedience thereto. He is not appointed by the court in which the judgment was rendered, and does not derive his authority from that court, but from the statutes. Therefore, the order of Judge Arnold was not the order of the district court of Beaver county, and the act of the defendants was not in contempt of that court. It was a defiance of the authority conferred by statute upon the district judge of Oklahoma county, and was punishable by him. 21 Am. Jur. 321; 23 C. J. 896; 17 C. J. S. 65, 67; In re Abbott, 7 Okla. 78, 54 P. 319; Waugh v. Dibbens, 61 Okla. 221, 160 P. 589. The statutory power to punish for a violation of his order vested in the judge issuing the order that was violated. Smith v. State, 12 Okla. Cr. 513, 159 P. 941; State v. Owens, 125 Okla. 66, 256 P. 704.

Plaintiff relies mainly for support upon Bowersock v. Adams, 55 Kan. 681, 41 P. 971. But an examination of this case discloses that it did not involve the question here presented.

The demurrer of defendants to the information for contempt should have been sustained, and the judgment is reversed, with directions to dismiss the proceeding.

WELCH, V. C. J., and OSBORN, GIBSON, and DANNER, JJ., concur.