## EDMONSTON v. SISK.

### No. 3277.

Circuit Court of Appeals, Tenth Circuit.
July 12, 1946.

Paul Pinson, of Tulsa, Okl., for appellant.

Theodore Rinehart, of Tulsa, Okl. (Doerner, Rinehart & Stuart and S. J. Clendinning, all of Tulsa, Okl., on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from an order of the United States District Court for the Northern District of Oklahoma appointing a receiver in aid of execution to satisfy an unpaid and final judgment previously rendered by that court against appellant, H. A. Edmonston, in the amount of $8,027.65. Paul Sisk, appellee here, is the assignee of the judgment.

On April 10, 1945, an execution was issued on this judgment by the Clerk of the District Court for the Northern District of Oklahoma, addressed to the Marshal of the Western District of Oklahoma, and was returned "no property found subject to execution". Thereafter and on September 19, 1945, appellee filed with the Court an application for order in aid of execution, pursuant to which appellant was directed to appear before the court. As a result of a hearing on this application, the court issued an order restraining and enjoining appellant, pending further order of the court, from transferring, disposing of or incumbering in any manner any of his property located in the State of Oklahoma, except that exempt by law, and ordered appellant to furnish a detailed list of contracting equipment and machinery belonging to him in Oklahoma. Upon further hearing, the court appointed a receiver to take possession of all interest of appellant in an indebtedness claimed by him to be due from the Defense Plant Corporation of Cincinnati; all interest and proceeds derived by appellant from pending litigation instituted by him against the Cities Service Gas Company, and certain described machinery and equipment belonging to appellant located in the State of Oklahoma. It was further provided that appellant should be permitted to remain in physical possession of the equipment and machinery, but was restrained and enjoined from removing same out of the State of Oklahoma without order of the court. The receiver was instructed to receive all proceeds realized out of the assets and apply same toward the payment and satisfaction of the judgment. This appeal is from that order.

Appellant first challenges the jurisdiction of the trial court on the grounds that execution in the district wherein the debtor resides is a jurisdictional prerequisite to execution in any other district or proceedings in aid of execution; that since the only execution issued in this case was in the Western District of Oklahoma, and not in the Northern District where the judgment debtor resides, the court had no jurisdiction to appoint a receiver in aid of execution on the judgment.

Rule 69(a) of the Federal Rules of Civil Procedure, Title 28 U.S.C.A. following section 723c provides in part: "The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, *except that any statute of the United States governs to the extent that it is applicable.*" (Italics ours.) Procedure in aid of execution in Oklahoma is governed by Title 12 O.S.A. Sec. 841 et seq. Section 842 provides: "When an execution against a judgment debtor * * * issued to the sheriff of the county where ne resides * * * is returned, unsatisfied, in whole or in part, the judgment creditor is entitled to an order of the county judge * * *. requiring such debtor to appear and answer concerning his property, before such judge * * * within the county to which the execution was issued."

It is said that under this State statute, an execution against a judgment debtor

must be issued to the sheriff of the county where he resides, and returned unsatisfied in whole or in part before the judgment creditor is entitled to an order of the county judge requiring him to appear and answer concerning his property, or to any other order in aid of execution. Making application of that statute, it is argued that under Federal practice and procedure, the word "county" as used in the state statute must be interpreted as analogous to "district" in Federal usage. Thus, in the absence of an execution issued in the Northern District where the judgment debtor resides, appellant contends that the trial court had no jurisdiction to appoint a receiver in aid of execution in another district.

■ But conceding the construction of the state statute as urged, it has, as we have seen, no application where a statute of the United States governs the procedure, and Section 838, Title 28, U.S.C.A. provides: "All writs of execution upon judgments or decrees obtained in a district court, in any State which is divided into two or more districts, may run and be executed in any part of such State; but shall be issued from, and made returnable to, the court wherein the judgment was obtained." See Prevost v. Gorrell, 19 F. Cas.1297, No. 11,402; Treadwell v. Seymour, C.C., 41 F. 579; Robbins v. Festetics, D.C., 299 F. 816. This statute was specifically recognized by the Advisory Committee on rules of Civil Procedure as surviving Conformity Rule 69. See notes of Advisory Committee on rules following Rule 69 of Civil Procedure, Title 28 U.S.C.A. following section 723c. Hence, the Federal, not the state statute, delimits the territorial jurisdiction of the court's writs of execution. It follows therefore that the jurisdictional impediment imposed by the state statute has no application here.

Next it is insisted that if the court had jurisdiction to issue the writ to the Western District, the property located in that District belonging to the judgment debtor was more than adequate to satisfy the judgment, and the trial court therefore abused its discretion in appointing a receiver in aid of execution.

The Marshal valued the machinery and equipment at approximately $4,000, on which there was a chattel mortgage of record in favor of the Fourth National Bank of Tulsa in the amount of $40,000, and consequently he returned "no property found subject to execution". The Marshal first refused to levy execution until satisfactory indemnity bond had been furnished by the judgment creditor, when however the judgment creditor refused, he proceeded to value the machinery and equipment and to make his return accordingly. Appellant claims and offered testimony to the effect that this equipment was reasonably worth $50,000, and that only a balance of $15,000 remained unpaid on the $40,000 mortgage to the Bank.

■ Mortgaged personal property may be taken under execution by the judgment creditor of the mortgagor. Title 46 O.S.A. § 67. Before, however, the property is so taken, the officer on execution, or the judgment creditor must pay or tender to the mortgagee of record the amount of the mortgage debt and interest, or deposit the same with the county treasurer payable to the order of the mortgagee of record. Title 46 O.S.A. § 68. Moore v. Calvert, 8 Okl. 358, 58 P. 627; Smith v. Southwestern Engraving Co., 157 Okl. 211, 11 P.2d 921. The judgment creditor refused to give the indemnity bond or to satisfy the mortgagee of record, and we know of nothing in the law which required him to do so as a condition to the appointment of a receiver in aid of execution. Moreover, the truth of the writ cannot be inquired into collaterally, but only upon motion to set it aside. Corning v. Burdick, Fed.Cas.No.3,246; United States F. & G. v. Cherry, 187 Okl. 666, 105 P.2d 544, citing Eleventh Ward Bank v. Heather, 22 Misc. 87, 48 N.Y.S. 449.

■■ In further support of appellant's contention that the appointment of a receiver by the trial court was unauthorized, it is said that the judgment creditor had an adequate remedy at law by attachment and garnishment of the amounts claimed by appellant from suits against Defense Plant Corporation and Cities Service Gas Company, either one or both of which was suf-

ficient to satisfy the judgment. Indeed, in its order appointing the receiver, the court recognized the existence of these claims and suits, and it is of course true that attachment and garnishment would be available to the judgment creditor for the amounts which might be finally determined to be due after adjudication. The appointment of a receiver to take charge of a judgment debtor's property is a drastic order which ordinarily should not be resorted to when other adequate remedies are available. The mere fact that supplementary proceedings in aid of execution discloses property which may be subject to the satisfaction of the creditor's judgment does not necessarily entitle him as a matter of right to have a receiver appointed, Poppitz v. Rognes, 76 Minn. 109, 78 N.W. 964. But whether a receiver should be appointed in these circumstances is a matter resting in the sound discretion of the court. Poppitz v. Rognes, supra.

■■ In the absence of controlling Federal statutes, the trial court followed the applicable state law in ordering the debtor to appear and answer concerning his property, see Title 12 O.S.A. § 843, and in the appointment of a receiver, Title 12 O.S.A. § 852. See also Koran v. Dryer, Clark & Dryer Oil Co., 187 Okl. 691, 105 P.2d 526, 528; Brenner v. Tinker, 145 Okl. 110, 291 P. 553. This statute which authorizes the appointment of a receiver does not condition the authority upon the absence of any other available remedy, nor does the context of the statute so indicate, and since the proceedings is statutory, not wholly equitable in nature, its availability does not depend upon the absence of a legal remedy. Stern v. Columbus Mut. Life Ins. Co., 39 Ohio App. 498, 177 N.E. 923. In our case the receiver did not take physical possession of the property or assume the operation of the business, nor did the receivership contemplate the liquidation of the business. Rather it was limited in its scope to the application of the proceeds of the debtor's assets to the satisfaction of a judgment as, if and when realized. In these circumstances, we are of the opinion that the trial court did not abuse its discretion.

Prior to these proceedings and on April 18, 1945, appellee instituted a suit against appellant in the District Court of Marion County, Kansas, on the judgment involved here. Attachment was issued and served on equipment and machinery belonging to appellant located in Marion and Butler Counties, Kansas, the sheriff's appraised value of which was $16,425. Appellant contends that this property has an estimated value of $50,000. The Fourth National Bank of Tulsa intervened in the Kansas suit pleading its chattel mortgage covering the property, and asked for foreclosure. Appellant filed an answer and cross-petition admitting the validity of the judgment obtained in the Northern District of Oklahoma, but pleaded an oral contract between Edmonston and Sisk whereby Sisk agreed not to make any effort to collect the judgment until a certain suit was settled in Illinois. The suit in Kansas is still pending and undetermined at this time. In this connection, appellant contends that in the interests of comity, the court should not have appointed a receiver until a final adjudication of the action pending in Kansas; that appellee having elected to pursue his remedy by suit and attachment in the state court, was not entitled to proceed in both courts for the same purpose.

■■ In support of this proposition, appellant cites cases establishing the sound doctrine that a Federal court should not proceed to litigate the same cause of action pending in a state court, where the controversy between the parties to the Federal court suit can better be settled in the state proceedings wherein all necessary parties have been joined and are amenable to the state court process. Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620. It is true that the judgment is the common subject matter of the proceedings in both the Federal and state court, and that ordinarily the rule of comity would stay the hand of the Federal court until final adjudication between the same parties in the state court. But in our case, we have simply supplementary proceedings in aid of execution on a valid and final judgment, which when satisfied in either jurisdiction operates as an effective defense to the other suit. In these circumstances, we can find no valid reason for enforcing the rule of comity so long as the valid judg-

ment is outstanding and enforceable. Cf. Junghans v. Junghans, 72 App.D.C. 129, 112 F.2d 212. There is nothing in the nature of the Federal litigation tending to interfere with the "orderly and comprehensive disposition of state court litigation". See Brillhart v. Excess Ins. Co., supra, 316 U.S. at page 495, 62 S.Ct. 1173, 86 L.Ed. 1620.

We conclude that the jurisdiction of the trial court was properly exercised, and the judgment is affirmed.