Michael W. KITTEL; Tama R. Kittel, Plaintiffs–Appellants–Cross–Appellees,

v.

FIRST UNION MORTGAGE CORPORATION, Defendant–Appellee–Cross–Appellant,

and

World Mortgage Company, Defendant–Appellee.

Nos. 01–6086, 01–6098.

United States Court of Appeals, Tenth Circuit.

July 19, 2002.

Bonnie R. Platt, Oklahoma City, OK, for Plaintiffs–Appellants–Cross–Appellees.

**1194**

John P. Falcone (David A. Cheek on the brief) of McKinney & Stringer, P.C., Oklahoma City, OK, for Defendant–Appellee–Cross–Appellant First Union Mortgage Corporation.

Edward F. Simmons and Brenda J. Huff of Huff, Simmons & Davila, Oklahoma City, OK; and Robert W. Cole and Randy Bumgarner of Bumgarner & Cole, Oklahoma City, OK, on the brief for Defendant–Appellee World Mortgage Company.

Before SEYMOUR, McWILLIAMS, and JOHN R. GIBSON,* Circuit Judges.

## ORDER TO STAY

JOHN R. GIBSON, Circuit Judge.

Michael W. and Tama R. Kittel brought this action against First Union Mortgage Corporation and World Mortgage Company in federal district court, asserting a claim under the Truth in Lending Act, 15 U.S.C. § 1640(e) (2000), as well as various state law claims. *See Kittel v. First Union Mortgage Corp.*, No. CIV–00–1945–R, slip op. at 1 (W.D.Okla. Feb. 9, 2001). The district court held that the Kittels should have raised their Truth in Lending Act claim as a compulsory counterclaim in a prior foreclosure action brought against them in state court by First Union. *Id.* at 4. Thus, principles of res judicata barred the Kittels from later raising the claim in federal court. *Id.* at 5. The district court further ruled that it had no jurisdiction over the remaining state law claims because both the Kittels and World Mortgage are citizens of Oklahoma; thus, the complete diversity required in the absence of federal question jurisdiction was lacking. *Id.* The Kittels now appeal.[1]

First Union acknowledges that while the Kittels did not appeal the default judgment rendered against them in state court (which formed the basis of the district court's res judicata holding), they did file a petition to vacate. Brief for First Union at 7 n. 2. According to First Union, the state court has not yet ruled on that petition. The docket of the state court action filed in Oklahoma County, Oklahoma, is part of the record before us and confirms that a petition to vacate the default judgment was filed February 23, 2001, and that a motion to vacate the default judgment and all proceedings leading up to the default judgment was filed March 21, 2001.

The situation before us raises a vexing problem. If the state court vacates its ruling, then the very judgment that the district court relied upon in holding that res judicata barred the Kittels' claim will disappear, so that any opinion we issue addressing that holding may end up akin to a prohibited advisory opinion. As we cannot know whether the Oklahoma court will vacate its default judgment, we believe it to be appropriate to stay further proceedings in this appeal pending the state court's ruling on the motion to vacate. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket

* The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. First Union also cross-appeals, arguing that the Kittels filed their federal court action outside the one-year limitation period and thus the district court lacked jurisdiction to hear

their claim. The district court found it unnecessary to resolve this issue of subject matter jurisdiction because it held the Kittels' claims were barred by res judicata. *Kittel*, slip op. at 3.

with economy of time and effort for itself, for counsel, and for litigants."); *Inryco, Inc. v. Metro. Eng'g Co.*, 708 F.2d 1225, 1227 (7th Cir.1983) (recounting Seventh Circuit's stay of appeal of denial of Rule 60(b) motion to vacate default judgment pending resolution of motion to alter or amend that denial); *cf. Edmonston v. Sisk*, 156 F.2d 300, 303 (10th Cir.1946) (recognizing soundness of "doctrine that a Federal court should not proceed to litigate the same cause of action pending in a state court, where the controversy between the parties to the Federal court suit can better be settled in the state proceedings ... and that ordinarily the rule of comity would stay the hand of the Federal court until final adjudication between the same parties the in state court"). The parties are directed to inform the clerk of this court when a final judgment has been entered in the state court on the Kittels' motion to vacate.