## SUPREME COURT.

SAMUEL M. SPENCER and AMOS B. SPENCER agt. WILLIAM T. CUYLER.

ALLEN AYRAULT and EPHRAIM CONE agt. WILLIAM T. CUYLER and GEORGE M. CUYLER.

By statute an *execution* is to be returnable within sixty days, and the plaintiff has no power to issue one returnable within any number of days less than sixty ; nor can he compel a sheriff to make his return to one, until the sixty days have fully expired.

Spencer, agt. Cuyler.

Where a sheriff's return to an execution is made at the solicitation and upon the request of the plaintiff or his attorney, before the expiration of the sixty days within which it is returnable, the return thus procured, upon which supplementary proceedings are founded, is to be regarded as the act of the party, and not the official act of the sheriff, and the supplementary proceedings, founded upon such return, will be set aside.

It *seems*, that under the Code (although it has been held otherwise), the legislature never intended to leave it to the *sheriff* to determine and fix the return day as against parties, and to fix it by statute only in favor of the sheriff, in a proceeding against him by the plaintiff.

*Seventh Judicial District, General Term, March, 1859.*

*Present,* WELLES, SMITH *and* JOHNSON, *Justices.*

THIS was an appeal from orders at the special term, refusing to set aside an order made in each of the actions above entitled, for the examination of the defendant, William T. Cuyler, concerning his property in proceedings supplementary to execution. In the action first entitled, execution was issued upon the judgment recovered therein against the property of the defendant, and delivered to a deputy of the sheriff of Livingston county, on the 2d of October, 1857, with a request from the plaintiffs, or their attorney, that it should be returned immediately. The deputy accordingly returned it the next day, wholly unsatisfied. On the same day of the return, the usual affidavit of the issuing of the execution, and of its return wholly unsatisfied, was made by the plaintiff's attorney, which was subsequently presented to the first judge of said county, who on the 6th of the same month issued his order that the defendant appear and answer concerning his property.

In the second action, execution was issued and delivered to another deputy of the same sheriff, on the 26th of December, 1857, with a like request to return immediately, by the plaintiffs' attorney. The deputy accordingly returned it immediately, and on the same day the affidavit was made, and an order by the same county judge granted, directing the said defendant, William T. Cuyler, to appear and answer. In neither case was the defendant called upon by the sheriff, and the first knowledge he had, that executions had been issued, was obtained from the orders served to appear and answer. It was

Spencer, agt. Cuyler.

shown, on the part of the plaintiffs, that the defendant was wholly insolvent, and had some time previously made a general assignment for the benefit of his creditors of all his property, and that the sheriff of said county had at that time executions in his hands, previously issued, to a very large amount, which the defendant had no property to satisfy. The defendant appeared in each case, and submitted to an examination before the referee appointed, without any objection. But before the examination was completed, or the referee had made any report to the county judge, and without any notice to the defendant, a receiver was appointed by such judge in said proceedings in the first action. The receiver thus appointed commenced an action to set aside the assignment made by the defendant, on the ground that it was fraudulent and void as against creditors. The action so commenced by the receiver was at issue, and had been pending several months, when this motion was made. The defendant, in order to excuse laches in making his motion, showed by affidavit that he had no knowledge of the interference of the plaintiffs with the sheriff, in respect to the return of the executions, until a short time previous to the making of this motion, and that he made it as soon as the fact came to his knowledge. The receiver was also made a party to the motion, and the defendant asked to have the order appointing such receiver vacated and set aside. The motion was made at the special term in September, 1858, where it was denied, and an appeal was taken to the general term.

     S. Lord, *for plaintiffs*.
     James Wood, Jr., *for defendant*.

By the court—Johnson, Justice. We are unanimously of opinion that the orders, granted by the county judge, requiring the defendant, W. T. Cuyler, to appear and answer, concerning his property, should be set aside upon the sole ground that the sheriff's return to the executions, upon which the orders were founded, was made at the solicitation and upon the

request of the plaintiffs in the actions respectively, or their attorneys, before the expiration of the sixty days within which they were severally returnable. By statute, an execution is to be returnable within sixty days, and the plaintiff has no power to issue one returnable within any number of days less than sixty, nor can he compel a sheriff to make his return to one until the sixty days have fully expired.

Regularly, an execution has sixty days to run as against any legal right or claim of the plaintiff. And although a sheriff may, upon his own motion, and under his official responsibility, rightfully return an execution at any time before the sixty days have expired, upon becoming satisfied that the defendant has not, and will not have within that time, any property out of which the execution or any part thereof can be satisfied, yet, if such return is procured by the plaintiff in such a manner that he would be precluded from maintaining an action against the sheriff for a false return, in case it should be made to appear that the defendant had property, it will not be allowed to serve as the foundation of proceedings supplementary to execution. A return, thus procured, is, for this purpose, to be regarded as the act of the party, and not the official act of the sheriff. The remedy by execution, in such case, has not been exhausted, as the statute obviously intended it should be before these supplementary proceedings could be instituted. If the practice adopted in the cases before us is to prevail, the issuing and return of an execution would become a mere empty form, and might as well be dispensed with altogether; and besides, it would naturally, if not inevitably, lead to the most intolerable favoritism and abuse. If we allow a sheriff to yield to the persuasion or dictation of a friendly or influential creditor, and fix, at his own discretion or caprice, different return days, for different executions in his hands at the same time, we at once invest him with the dangerous powers of discriminating between creditors, and giving one a preference over another in respect to all the equitable assets of the debtors, capable of being reached by these proceedings. This consideration alone seems to us a sufficient objection to the practice,

Spencer agt. Cuyler.

without adverting to the hardship and oppression to which a defendant may be so readily and so summarily subjected under it.

Under the Revised Statutes, it was provided, that " when-ever an execution against the property of a defendant shall have been issued on a judgment at law, and shall have been returned unsatisfied, in whole or in part," the creditors suing out such execution might file a bill in chancery to compel a discovery of any property or thing in action belonging to the defendant.   (2 *R. S.* 173, § 41.)   The object and office of the proceedings supplementary to execution are the same precisely as those of a creditor's bill, and the intention, doubtless, was, to give the creditors the same remedy in a cheaper and more expeditious form.   It will be seen, also, that the provisions of the Code, which authorize supplementary proceedings to be instituted, are identical with those of the Revised Statutes, which authorized the filing of a creditor's bill.

Each is authorized to be commenced " *whenever* " an exe-cution issued against the property of a defendant has been re-turned unsatisfied in whole or in part.   The court of chancery, in construing this provision of the Revised Statutes, held that although a sheriff might lawfully return an execution before the return day, yet such return did not take effect until after the return day had passed, and was then good by relation, and that no bill could be filed until after the return day in such a case.   (*Cassidy* agt. *Meacham,* 3 *Paige,* 311; *Williams* agt. *Hogeboom,* 8 *id.* 469.)

It is claimed, however, and has been several times held that, under the Code, the return day of an execution is any day within the sixty, on which the sheriff, holding the execution, may elect to return it, and that whenever it is actually re-turned, the return day has passed, and the return takes effect, and supplementary proceedings may be commenced imme-diately, although the plaintiff could not compel a return until the end of sixty days, and but one of the sixty has elapsed when the return is made.   I cannot believe that the legislature intended to leave it to the sheriff to determine and fix the re-

turn day as against parties, and to fix it by statute only in favor of the sheriff, in a proceeding against him by the plaintiff, and I have suggested some of the reasons above. But we do not propose to interfere with this question. Our decision in this case is based solely upon the ground that the plaintiffs in the executions procured the returns to be made by the sheriff, and that they were not his unsolicited and voluntary acts. As the original orders are set aside, the order appointing a receiver necessarily falls also.

The orders at special term are, therefore, reversed, and the orders to appear and answer and the order appointing a receiver are set aside, and the receiver is allowed to discontinue the action commenced by him, without costs.