BELFER v. LUDLOW.

(Supreme Court, Appellate Division, Second Department. May 26, 1911.)

1. EXECUTION (§ 360*)—SUPPLEMENTARY PROCEEDINGS.

Proceedings supplementary to execution are not maintainable, unless the execution on which they are based was enforceable generally against all property of the judgment debtor, real and personal; so that execution, on revival, under Code Civ. Proc. § 1252, of the lien of a judgment against specific real property described in a notice, being enforceable only against such real property and the chattels of the judgment debtor, will not support such proceedings.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1093; Dec. Dig. § 360.*]

2. EXECUTION (§ 391*)—EX PARTE ORDER—VACATION.

An order made by the court, and not by a justice thereof, on return of an ex parte order for examination of a judgment debtor, vacating such ex parte order, is not made without jurisdiction, as an attempt by one justice to review the order of another justice.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1142; Dec. Dig. § 391.*]

Appeal from Special Term, Kings County.

Action by Lazarus Belfer against Morgiana Ludlow. From an adverse order, plaintiff appeals. Affirmed.

See, also, 127 N. Y. Supp. 1111.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and WOODWARD, JJ.

Francis A. McCloskey (Charles J. Belfer, on the brief), for appellant. Frank L. Holt, for respondent.

CARR, J. This is an appeal from an order entered at Special Term, vacating an ex parte order for the examination of a judgment debtor in proceedings supplementary to execution. On June 3, 1890, a judgment was entered against the defendant in favor of the plaintiff for the sum of $809.08. This judgment was docketed on December 28, 1893. No execution thereon having been issued theretofore, an order was duly entered November 16, 1910, pursuant to section 1378 of the Code of Civil Procedure, granting leave to the plaintiff to issue execution. Upon this order execution was issued to the sheriff of Kings county. It was in the usual form, requiring a levy upon the personal property of the debtor, and, in case such personal property was insufficient, then upon the real property of the debtor. As the judgment upon which the execution was issued had been entered more than 10 years previously, the judgment has ceased to be a lien upon the real estate of the judgment debtor. The plaintiff availed himself of the provisions of section 1252 of the Code of Civil Procedure, and caused the sheriff to file and record in the office of the clerk of Kings county the notice therein provided. This section reads as follows:

"When ten years after filing the judgment roll have expired, real property or a chattel real, which the judgment debtor, or real property which a person, deriving his right or title thereto, as the heir or devisee of the judgment debtor, then has, in any county, may be levied upon, by virtue of an

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

execution, against property, issued to the sheriff of that county, upon a judgment hereafter rendered, by filing, with the clerk of that county, a notice, subscribed by the sheriff, describing the judgment, the execution, and the property levied upon; and, if the interest levied upon is that of an heir or devisee, specifying that fact, and the name of the heir or devisee. The notice must be recorded and indexed by the clerk, as a notice of the pendency of an action. For that purpose, the judgment debtor, or his heir, or devisee, named in the notice, is regarded as a party to the action. The judgment binds, and becomes a charge upon, the right and title thus levied upon, of the judgment debtor, or of his heir or devisee, as the case may be, only from the time of recording and indexing the notice, and until the execution is set aside, or returned."

The notice so filed by the sheriff described specifically by metes and bounds one piece of real property said to be owned by the judgment debtor. The effect of filing this notice was to revive as to that specific piece of real property the lien of the judgment. The sheriff returned the execution partly unsatisfied. Thereupon the judgment creditor obtained an ex parte order for the examination of the judgment debtor, and on the return day of this order the Special Term, on motion of the judgment debtor, on the face of the papers vacated the order of examination. From the order of the Special Term this appeal is taken.

[1] The learned court at Special Term declared itself bound by the decisions of the Court of Appeals in the case of Importers' & Traders' National Bank v. Quackenbush, 143 N. Y. 567, 38 N. E. 728, and 144 N. Y. 651, 39 N. E. 77. It is insisted on this appeal that neither opinion of the court in that case controls upon the facts at bar, and that, so far as the opinion on the reargument is concerned (144 N. Y. 651, 39 N. E. 77), the declarations of the court in relation to assumed facts similar to those here involved was purely obiter and therefore not controlling. In that case it was held, in the first opinion of the court, that proceedings supplementary to execution could not be maintained, unless the execution upon which they were based was enforceable generally against all the property of the judgment debtor, real and personal. This was the essence of the opinion and decision, and rested upon the holding by the court that supplementary proceedings were intended by the Legislature "as a substitute for the creditors' bill, as formerly used in chancery," and should be construed analogously by requiring the creditor to first exhaust all his legal remedies. In that case, the execution was issued on a judgment more than 10 years old. There was no proof that the lien of the judgment, presumptively expired, had been revived. Therefore the execution was enforceable only against the debtor's chattels. This circumstance was held to defeat the right to maintain supplementary proceedings on the return of the execution because it was not enforceable generally against all the property of the judgment debtor. On reargument, it was contended that under section 1252 of the Code the lien of the judgment on the real property could have been revived and was revived by the issuance of execution. But it was pointed out by the court that, as the procedure prescribed in section 1252 (ut supra) had not been followed in the case then at bar, no revival of the lien had resulted. The court said (144 N. Y. 651, 39 N. E. 77):

"The next point is that we have overlooked the fact that section 1252 requires nothing more, so far as the plaintiff is concerned, to revive the lien of the judgment than the delivery of an execution to the sheriff, and then that officer must himself do the things required by that section to make the execution effective. We do not think that the plaintiff's counsel is correct in that contention; but it is not very material, since neither the plaintiff nor the sheriff did, in fact, comply with it. It matters little upon whom the duty rested of preparing, filing and procuring the notice to be recorded which is required by that section, so long as it was not done. *But we think that, even if it had been complied with, that section furnishes no sufficient basis for the proceedings. The execution required is not that prescribed by section 1252, but by section 2458. The former section provides for a proceeding to sell specific property, and is not mentioned in section 2435 as one of the conditions to be complied with in order to entitle the creditor to maintain the proceedings.*" (Italics ours.)

It is contended that the matter of the opinion, which we have italicized, is purely obiter, and not controlling in the case now at bar. Concededly it was obiter, and it is not controlling as a decision, though as an argument it may well be controlling by virtue of its inherent strength, quite apart from the question of authority. It seems to us that this declaration of the court was a necessary corollary and an absolute logical sequence of the principle of its decision. A compliance with section 1252 revives the lien only as to the specific real property described in the notice; if there be any other real property of the judgment debtor, not described, the lien is not revived as to it. In the case at bar, the notice described but one piece of real property, and hence the lien was revived as to that one piece alone. Therefore the execution issued herein by the judgment creditor was enforceable only against the chattels of the judgment debtor and one piece of real property described by metes and bounds. If the debtor had other real property, it could not have been levied upon under this execution. Therefore the execution was not enforceable generally against all of whatever property the judgment debtor had real and personal. The learned court at Special Term was right, therefore, in feeling itself bound by the case in the Court of Appeals to the extent of the essential principle underlying the decision of that court.

[2] It is further urged that the order vacating the ex parte order for the examination of the judgment debtor was in effect an attempt by one justice to review the order of another justice, and hence without jurisdiction. This objection is untenable, as the order appealed from was not made by a justice, but by the court, on the return of the ex parte order. When the judgment debtor was brought into court, he had a right to object to the sufficiency of the ex parte papers which brought him in, and it then became the duty of the court, either to vacate the ex parte order, or to deny the motion to vacate. There is no other way of reviewing the ex parte order, except by an appeal from an order vacating it, or from one denying a motion to vacate. Stewart v. Stewart, 127 App. Div. 672, 111 N. Y. Supp. 736.

The order should be affirmed, with $10 costs and disbursements. All concur.