Samuel H. Buck, Plaintiff, *v*. Neil MacDonald,
Defendant.

(City Court of the City of New York, Special Term, May, 1919.)

Supplementary proceedings — when order for examination of judgment
debtor may be granted under section 2435 of the Code of Civil
Procedure.

> Under section 2435 of the Code of Civil Procedure as it now
> stands, an order for the examination of a judgment debtor in
> proceedings supplementary to execution may be granted at
> any time within ten years after the return, wholly or partly
> unsatisfied, of an execution issued by permission of the court,
> and a motion to vacate such an order will be denied and the
> judgment debtor directed to appear for examination.

Motion to vacate an order for examination of a
judgment debtor.

E. Crosby Kindleberger, for plaintiff.

Joseph Hover, for defendant.

La Fetra, J.   The facts pertaining to this motion
are recited in my opinion upon a former motion and
reported March 19, 1919.   In addition, it now appears
for the first time that a transcript of the judgment
was filed and docketed in the county clerk's office in
the county of New York on the 27th day of January,
1904.   Instead of being indexed under MacDonald, it
was indexed under McDonald.   Upon the first motion
I held the judgment was a lien upon any real estate or
chattels real of the debtor when the execution was
issued to the sheriff on January 17, 1919; that the lien
ran for ten years upon the filing of the transcript,
indexing and docketing of the judgment on April 27,

1918, or at least until the judgment expired by limitation; that the distinction pointed out in *Importers & Traders National Bank* v. *Quackenbush,* 143 N. Y. 568–573, decided November 27, 1894, reargued and reported, 144 id. 651, did not apply. It is now claimed the judgment so indexed and docketed became such a lien on the 27th day of January, 1904, and ceased to be such after the lapse of ten years; that the execution issued by permission of the court did not exhaust the legal remedies of the creditor. The Session Laws of 1896 (chap. 176) amended section 2435 and allowed an examination at any time within ten years, after permission of the court to issue an execution and a return thereof, wholly or partly unsatisfied, instead of restricting such an examination to any time within ten years upon the issuance and return of an execution in the usual way. Prior to these motions another one was made under section 1377 of the Code of Civil Procedure, and an order was granted by default on January 17, 1919, permitting an execution to issue. The obvious purpose of the amendment was to rid examinations in proceedings supplementary to execution of their *quasi* equitable character in such instances and thus to raise a presumption upon the return of such an execution either wholly or partly unsatisfied that the creditor had exhausted his legal remedies. After the lapse of ten years and before the amendment the debtor may have had no interest in, or he may have secreted some interest in, his real estate or chattels real, and even an attempted levy and creation of a new lien (Code Civ. Pro. § 1252) would have been ineffectual upon which to predicate an order for his examination, however well founded the creditor's suspicions that such an interest existed. The amendment clarifies the situation and at the same time preserves the rights of honest purchasers for value from or through the

debtor. The amendment was not called to the attention of the court in *Belfer* v. *Ludlow,* 144 App. Div. 746, and *Stevens Co.* v. *Maus,* 155 id. 249. The motion to. vacate the order is denied, with costs to the creditor, and the debtor is directed to appear for examination at Special Term, Part II, at ten A. M. on the 3d day of June, 1919.

Ordered accordingly.