### STERN et v COLUMBUS MUT. LIFE INS. CO. et

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11788. Decided June 15, 1931

MAUCK, PJ, and MIDDLETON, J, (4th Dist), and FARR, J, (7th Dist), sitting.

B. G. Stern and M. P. Goodman, Cleveland, for Stern et.

Ulmer, Berne and Gordon, Cleveland, for Columbus Mut. Life Ins Co.

MAUCK, PJ.

The plaintiff in error insists that in proceedings in aid of execution it is the right of the judgment debtor to avoid such proceedings by showing that there is property upon which a levy may.be made, notwithstanding the sheriff's execution and return of nulla bona.

In support thereof he cites Lee v Harback, 2 O. D. R., 361 and Bank v Oliver, 1 Disney, 159.

Those cases, however, do not go to proceedings in aid of execution but to proceedings in the nature of a creditor's bill. The two are quite different in nature and effect. Akron Chapter v Reed, 24 Oh Ap 192.

Proceedings in the nature of a creditor's bill to reach assets are provided for by §11760 GC. This is but a statutory provision for an old equitable action. It contemplates the filing of a new petition in an independent action. Like other equitable proceedings it could only be resorted to by

a judgment creditor when there was no adequate remedy at law. The test of jurisdiction under it is whether a judgment debtor has personal or real property subject to levy or execution sufficient to satisfy the judgment. If he has, the action does not lie.

In the case at bar we have no such case. This is not a new action but a supplementary proceeding in an action at law that has already ended in a final judgment. It is brought under favor of §11768 GC. In a proceeding under this section the test is not whether the judgment debtor has property subject to levy; it is whether an execution has been returned unsatisfied. If the execution has been returned unsatisfied in whole or in part, the sole requirement of the statute has been met.

A practically identical statute was under consideration in Sperling v Levy, 10 Abbott's Practices, 426. The court, in speaking of an execution returned under circumstances such as exist in the present case, said:

"And whether the act was performed at the request of the plaintiff, or whether it was done within the time permitted him by law to make his return, is, I think, entirely immaterial; it is sufficient upon supplementary proceedings, under the section of the Code referred to, that an execution has been returned unsatisfied, as, upon that fact being shown to exist, the law declares that the judgment creditor is entitled to an order requiring the debtor to appear and be examined. It does not say that the order shall not be granted when the return has been procured upon the request of the creditor, nor does it require the execution to remain any specified time in the hands of the sheriff, before a return can be made, upon which such proceedings may be instituted; it simply requires as a condition precedent to the granting of the order, that the execution shall have been returned unsatisfied in whole or in part."

This is not only a reasonable interpretation of the statute but the only one that renders the statute effective. If proceedings in aid of execution could not be resorted to so long as there was other property upon which to levy, and that property was mistakenly thought to be sufficient to satisfy a creditor's judgment, the necessary delay that would result in levying on and selling such property might enable the judgment debtor to so conceal or dispose of personal property, that when such personal property were needed to satisfy any deficiency in the judgment, the personal property would be beyond the creditor's reach.

The proceeding is admittedly a summary one and an execution thereon is wholly or partly unsatisfied. Indeed where the facts warrant he may cause the judgment debtor to be apprehended and held for examination without having an execution returned or even issued. §11770 GC.

The judgment is affirmed and the cause remanded for further proceedings.

MIDDLETON and FARR, JJ, concur.