## Fidelity-Philadelphia Trust Co., Exec., v. Miller

*Abraham Freedman*, of *Wolf, Block, Schorr & Solis-Cohen*, for plaintiff.

*Gabriel D. Weiss*, for defendant.

DAVIS, P. J., April 9, 1937.—It appears from the averment of default filed that defendant, on May 25, 1920, executed his bond in favor of John F. Frentzel for $45,000, secured by a mortgage in the same amount. On December 23, 1936, a writ of fi. fa. personal property was issued at the instance of plaintiff, returnable the first Monday of January 1937. On the writ were the following directions to the sheriff:

"The sheriff return within writ nulla bona. Wolf, Block, Schorr & Solis-Cohen, attorneys for plaintiff, by Albert J. Bradley."

Pursuant to the order of plaintiff, the Sheriff of Philadelphia County returned the writ: "Nulla bona, so answers the sheriff, William J. Hamilton, Jr." Thereafter plaintiff filed a petition for oral examination, setting forth that the said writ was returned nulla bona, and that defendant "has property which should be applied towards the payment of the aforesaid judgment."

The petition for oral examination was filed under authority of the Act of May 9, 1913, P. L. 197, sec. 1, 12 PS §2242. The act provides:

"That in any case in which a final judgment has been

or may hereafter be recovered in any court of record in this Commonwealth, upon which an execution has been issued, and a return made by the sheriff of the proper county to the effect that property cannot be found sufficient to satisfy the said judgment and execution, upon petition of the plaintiff, under oath, setting forth that he believes the defendant has property which should be applied towards the payment of such judgment, the court shall enter an order to the same number and term requiring the judgment debtor to attend, and be examined orally, after being duly sworn or affirmed true answers to make concerning his property, before the court, at such time and place as the court may appoint. The attendance of the debtor for the purposes of such examination may be enforced by said court by subpœna and attachment, as in the case of other witnesses."

Defendant contends that in view of the averment of default plaintiff knew that defendant has real estate which is subject to the plaintiff's mortgage, and that the sheriff's return of nulla bona upon the writ of fi. fa. personal property made at the request of plaintiff's attorneys is not a compliance with the statute and not sufficient in law to justify the issuance of an order for supplementary proceedings by way of oral examination.

The provisions of the Act of May 9, 1913, supra, require the sheriff to make return: ". . . to the effect that property cannot be found sufficient to satisfy the said judgment and execution". The act does not refer specifically to a levy upon personal property. The writ of fi. fa. in the instant case limited and restricted the sheriff to "personal property" of the debtor.

Defendant here does not attack the sheriff's return, but the right to a supplementary order where the sheriff's return was made at the request of plaintiff. A supplementary proceeding is predicated on a return that the remedy by execution has been exhausted.

In the instant case the sheriff, without attempting to

make a levy or inquiry as to the property of defendant, makes the return of nulla bona at plaintiff's request.

The creditor's remedy by execution must be really exhausted by directing the officer to take the usual course. If there is collusion or the return is made prematurely pursuant to the creditor's instructions and without any real attempt to effect a levy, the proceedings cannot be sustained. In other words, there must be a bona fide attempt to find leviable property. But if there is such an attempt, although unsuccessful, the mere fact that the premature return is made at the request of the creditor would not invalidate the proceedings.

All that is required is that a bona fide attempt should be made to find property, and if no such property exists or can be found, the execution may properly be returned, although the 60 days have not expired.

In all cases the execution or the issuance of an execution is a condition precedent to a resort to supplementary proceedings, and it is necessary that the execution be issued in a bona fide attempt to find and levy on property which can be reached: 23 C. J. pp. 842-844, §§957-962.

As the question here involved does not seem to have been determined conclusively by any of our Pennsylvania appellate courts, we turn to the opinions in other jurisdictions.

"No doubt the return of the execution ought to be made in good faith, because the debtor had no property subject to it of which the officer could obtain any knowledge. . . . Certainly a fraudulent and collusive return, made at the instigation of the plaintiff, could be set 'aside upon the application of the defendant. . . . Where the return appears, however, to have been made before the return day upon the direction of the plaintiff or his attorney, suspicion is cast upon it, and it must, in some of the states, be supported by evidence showing that the return is the act of the sheriff made after search, without success, for property to satisfy the writ, or, in other words, that the

plaintiff has in good faith exhausted his remedy under his writ' ": Freeman on Executions (3d ed.), sec. 399.

In Belfer v. Ludlow et al., 144 App. Div. 746, 129 N. Y. Supp. 626, it was held that proceedings supplementary to execution are not maintainable unless the execution on which they are based was enforcible generally against all property of the judgment debtor, real and personal.

And in Importers and Traders' National Bank of N. Y. v. Quackenbush, 143 N. Y. 567, it was held that it is necessary before a judgment creditor institutes supplementary proceedings that an execution be issued which is effective to exhaust all remedies at law available to the plaintiff, and that it is not enough that forms are observed by the return of an execution which is not effective to reach all of the debtor's property.

See also Hecht v. Sanger, 126 Misc. 735, 215 N. Y. Supp. 409.

In Ritterband v. Maryatt, 12 N. Y. Leg. Obs. 158, it was said:

"The intent of the law is, that an execution should be issued in good faith to the sheriff, and that he should be left at liberty and held responsible to use his exertions to collect a judgment on execution. When, therefore, the plaintiff applies to the sheriff, and directs him to return the execution forthwith, before the return day, as there was no property on which it could be levied, he relieves the sheriff from any responsibility, and assumes the burden of being able to establish, presumptively at least, that he was correct in the statements so made to the sheriff. . . .

"The execution must be fairly issued and left with the sheriff, so as to enable him to collect the money on it, if it can be done; and directions which relieve the sheriff from such responsibility, and prevent the due execution of the process, render supplementary proceedings taken thereon improper."

In Pudney v. Griffiths, 6 Abb. Pr. 211, it was held:

"Before supplementary proceedings can be instituted,

the creditor's remedy by execution must be really exhausted.

"Where it appeared that the execution had been returned by the sheriff unsatisfied, pursuant to the instructions of the plaintiff's attorney, and without any real attempt to effect a levy,—*Held*, that the order for the examination of the defendant must be set aside. . . .

"The remedy by execution must still be exhausted: it must be really exhausted—it must not be a sham attempt to do so; but the proper officer must be allowed to take the usual course to effectuate the object which the process was designed to serve.

"This, certainly, is not done when the plaintiffs in an action interpose and prevent the sheriff from even searching for property, by prematurely directing him to return the execution, for the express purpose of enabling them to commence these proceedings."

In Spencer v. Cuyler, 9 Abb. Pr. 382, it was held:

"Where the sheriff makes return of an execution before the expiration of the sixty days, at the request of the plaintiff or his attorney, such return is to be regarded as the act of the party, and not the official act of the sheriff, and supplementary proceedings founded upon such a return will be set aside on application of the judgment-debtor."

See also Nagle v. James, 7 Abb. Pr. 234.

Defendant in the instant case relies upon the case of Stern et al. v. The Columbus Mutual Life Ins. Co. et al., 39 Ohio App. 498, 177 N. E. 923. That was a proceeding to set aside the return of execution. In the opinion of the court reference is made to the case of Sperling v. Levy, 10 Abb. Pr. 426, 429, as authority for the ruling; an examination of the case of Sperling v. Levy, supra, supports the contention of plaintiff; but we are inclined to follow the reasoning in the dissenting opinion of Mr. Justice Brady in that case, wherein it was said:

"I think that the order supplementary should have been discharged. The execution was returned, long before the

expiration of the sixty days, at the request, direction, and demand of the plaintiff. The mere fact that the execution was returned within the sixty days would amount to nothing (Livingston *v.* Cleveland, 5 *How. Pr. R.,* 396), because, as stated by Mason, P. J., 'It follows, that as we are to presume that the sheriff has done his duty in searching for property, when he has made his return of *nulla bona,* that we must regard the legal remedies of the plaintiff as exhausted, before these proceedings supplementary to the execution were instituted.' Where, however, the execution is returned at the request of the creditor, no such presumption can be entertained. It is not the return of the sheriff, predicated on official action, and he assumes no responsibility in regard to it. It is the act of the creditor in fact, and a mere formula to enable him to adopt proceedings for which, it might be, there was no necessity. The Legislature never intended to subject the debtor to the expense of proceedings supplementary at the instance of the creditor, but to provide against the concealment of property, or against the enjoyment of property which official vigilance could not discover. The Supreme Court of this district (Pudney *a.* Griffiths, 6 *Abbotts' Pr. R.,* 211; S. C., 15 *How. Pr. R.,* 410), and the Superior Court of this city, have held that orders obtained in the manner stated, should be discharged. (James *a.* Nagle, 7 *Abbotts' Pr. R.,* 234.) It did not appear in either of the cases cited, that the creditor knew of property owned by the judgment-debtor, and available under execution. In this case, that fact is shown by the defendant's affidavits. I think the order, on principle and on authority, should have been discharged, and that the order made at special term should be reversed."

In Pecos Irrigation & Improvement Co. v. Olson, for use, 63 Ill. App. 313, 317, referring to the presumption that the sheriff has performed his duties in making his return upon a writ of execution, it was said:

"But no such presumption can prevail where he makes his return by direction of the plaintiff in the writ, or

where by the substance of the return it can not be seen in such cases that he was unable in the discharge of his official duty to find property of the debtor. M. C. R. R. Co. v. Keohane, 31 Ill. 144."

In Scheubert v. Honel et al., 152 Ill. 313, it was held: ". . . an execution is the process of the judgment creditor, and is subject to his control. Still, he cannot so control it as to make the statute a nullity."

In the instant case plaintiff filed no answer to defendant's petition to set aside the order for oral examination. Therefore the averments in defendant's petition must be taken as verity.

The outstanding question in the instant case is whether the Act of 1913, supra, has been strictly complied with, that the execution as to the personal property has been exhausted, where the sheriff without ascertaining if defendant had property subject to the execution makes return of nulla bona at the request of plaintiff's counsel.

The return on its face indicates that no effort was made by the sheriff to ascertain if defendant had property subject to the execution. We are of opinion that the return was not a bona fide return and if recognized as such justifying supplementary proceedings the intent of the act would be a nullity.

The rule to set aside the order for oral examination is made absolute.