## WATKINS v BREYFOGLE

Ohio Appeals, 2nd Dist, Franklin Co

No 2848. Decided Feb 26, 1938

L. C. Barker, Columbus, Attorney for Plaintiff-Appellant.

Boyd & Boyd, Columbus, Attorneys for Defendant-Appellee.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law by plaintiff, the administrator of Ray Watkins' estate, et al., from an order of the Common Pleas Court sustaining a motion of defendant, Breyfogle, to enter satisfaction of a judgment which plaintiff, Watkins, in his lifetime in this action held against Breyfogle. The fac's are extended and will be set forth, insofar as necessary to an appreciation of the questions presented.

In September, 1931, the plaintiff instituted his action against defendant for an accounting. Issues were drawn and trial had and the court, on January 1, 1934, handed down a written decision, in which the court found that plaintiff was entitled to judgment against defendant in the sum cf $1,291.21, with interest, from July 14, 1930. Thereafter, on April 12, 1934, the trial judge rendered another written decision, in which it was set forth that "the defendant insists that a finding entry should be journalized and after disposition of a motion for new trial final judgment should be journalized". The court held against this contention and that the judgment entry should properly be filed after the decision on the merits and that within three days after this decree a motion for new trial could properly be filed. The decision further recited:

"Counsel for plaintiff has called our attention to the death of the plaintiff and has pointed out authority to the effect that an order nunc pro tunc is proper to save necessity of substitution of an administrator. This point seems well taken and we suggest to counsel for plaintiff that he present an entry to counsel for defendant finding that there is due to plaintiff on an accounting on the issues joined the sum mentioned in the Court's written memorandum and awarded judgment to plaintiff against defendant in said amount. The entry may be prepared nunc pro tunc as of a date prior to the death of plaintiff."

There is a notation of "Exceptions".

An April 12, 1934, an entry nunc pro tunc, as of date January 27, 1934, was journalized, entering judgment for the plaintiff against the defendant upon the decision of the court, of date January 1, 1934. The sum total of the judgment was $1568.-82 with costs. It was further ordered that motion for new trial be refiled as of the date of the judgment, namely, January 29, 1934, and thereafter, on May 31, a formal entry overruling the motion for new trial was filed.

It is admitted by the parties that upon the judgment there are credits of $293.96,

proceeds from sale on execution of certain property in Champaign County, upon which levy had been made, and $637.86, which was tendered to counsel for plaintiff in full satisfac'ion of the judgment and by him refused and thereafter turned over to the Clerk of Courts. The costs, in the sum of $93.41, were also paid to the Clerk.

The principal dispute arises upon the payment by defendant of the sum of $800.00 to the Union Building & Savings Company in satisfaction of a judgment which it held against Ray Watkins, said sum having been paid upon an order in aid of execution, in which the defendant had been brought in to answer. This sum together with the two amoun's heretofore set forth equals the amount of the money judgment against defendant, Breyfogle.

On the 15th of July, 1937, upon motion, Ray Marion, administra'or of the estate of Ray Watkins, was made a party plaintiff as substitute for Ray Watkins, deceased.

On February 2, 1934, the loan company by its attorney, filed a motion in case No. 131,705, requesting the court to order James Breyfogle to appear before said court on February 7, 1934, at nine o'clock A. M., to answer respecting personal property he is believed to hold, belonging to or owing to Ray Watkins and if the court finds that Breyfogle is indebted to Watkins in any sum, that the court order Breyfogle to pay said money to the plaintiff in partial settlement of its judgment. The motion was supported by an affidavit of Kenyon S. Campbell, attorney for the loan company, in which he says that the Building & Loan Company recovered a judgment against Wa'kins, et al. In case No. 131705 in the sum of $625.47 and costs, which judgment is wholly unsatisfied; that he has good reason to believe and does believe that Breyfogle is indebted to Watkins in the sum of $1200.00, which sum was recovered in an action in Common Pleas Court, Franklin County, in this case, No. 131,224, and that said sum was exempt from execution under the laws of the State of Ohio.

Breyfogle was not served with notice to appear on the 7th day of February, 1934, but thereafter was notified to appear on the 21st of February, 1934, at nine o'clock A. M. to answer questions pursuant to the motion. On February 20th Breyfogle, through his attorneys, Boyd & Boyd, filed his written answer on examination in aid of execution and said Watkins received a verdic; against him in case No. 131224 in Common Pleas Court, Franklin County, Ohio, in the sum of $1291.00 with interest;

that he has not paid any of the money to Watkins and that he does now and will hold the money, subject to the order of the court in the case of Union Building & Loan Company v Watkins.

The court thereafter, of date February 23rd, made the following order:

"This day this cause came on to be heard upon a motion of the plaintiff for an examination in aid of execution of James C. Breyfogle, in regards to money owed Ray Watkins, defendant herein, as a result of a finding rendered in case 131224 against said James C. Breyfogle and in favor of said Ray Watkins, and James C. Breyfogle having by answer admitted that Ray Watkins recovered verdict or finding in the sum of $1200.00 against him in the case 131224. The cour; being fully advised in the premises, hereby orders and decrees that James C. Breyfogle shall on final determination first pay said judgment to the plaintiff until its judgment herein against Ray Watkins is fully sa'isfied before making any payments herein to the defendant, Ray Watkins."

It further appears by the record that no execution was issued by the Building and Loan Company on its judgment against Watkins in case No. 131,705; that no notice was served upon Watkins nor upon his attorney of the proceedings in aid of execution wherein Breyfogle appeared and answered.

It is by virtue of this order of the court in the proceedings in aid of execution that Breyfogle made payment to the Union Building & Loan Company on its judgment against Watkins and for which he claimed credit upon the judgment held by Watkins against him in the instant case. The trial court held that Breyfogle was entitled to such credit and when the balance due on said judgment was tendered, the court ordered, upon motion of Breyfogle, that the judgment of Watkins against Breyfogle in the instant case be satisfied. This is the order from which the appeal is prosecuted.

It is urged by the appellant that the proceedings in aid of execution are void because as a basis for a proceedings in aid of execution an execution must first have issued upon the judgment. In support of the proposition is cited Stern. v Columbus Mutual Life Ins. Company, 39 Oh Ap. 500, and §11768 GC; Finance Corporation v Wahl, Jr., 34 Oh Ap. 518; Kingsborough v Tousley, et al., 56 Oh St 450; Black on Judgments, (2nd) Ed.) Sec. 252, page 377;

Demas Adams v Samuel Jeffries, 12 Ohio, 272-273. That it was essen'ial to a valid order commanding Breyfogle to pay to the Union Building & Loan Co. the amount due it on its judgment against Watkins, it appear that money was due or to become due from Breyfogle to Watkins, subject to no other condition than the lapse of time. Overturf v Gerlack, 62 Oh St 129; and that the answer of Breyfogle in the proceedings in aid of execution and the order made by the court thereon does not meet the requirements of §11781 GC. That the entry in the instant case of April 12, 1934, nunc pro tunc as of January 27, 1934, was effective only as of date April 12, 1934. That no judgment could properly have been entered upon the finding in favor of Watkins and against Breyfogle until after the overruling of the motion for new trial and finally, that the proceedings in aid of execution are invalid because no notice of the proceedings or the date upon which inquiry was to be made of Breyfogle was served upon Watkins or upon his attorney.

Taking up the questions, we first consider the right of the court to enter the judgment decree nunc pro tunc · and find no difficulty in supporting it on the entry of date April 12, 1934. The entry makes the necessary findings requisite ▮▮▮▮▮▮ to the nunc pro tunc order in this language:

"And it appearing to the court that a decision, decree or judgment was duly made by this court on said date and at the January term, 1934, for the sum of $1291.21, with interest from July 14, 1930 and the costs of the suit but that the same was through inadvertence not journalized at said time, the court grants said motion."

It thus appears that the court, in the entry of April 12, 1934, was merely ordering that the journal carry evidence of the decree which had, as a matter of fact been made on the 27th of January, 1934, but not carried into formal entry. There can be no doubt that on the 27th of January, 1934, the court had full authority · to enter a judgment decree for the plaintiff against the defendant and the nunc pro tunc entry merely puts in written, permanent form evidence of the judgment decree of January 27, 1934.

However, inasmuch as the nunc pro tunc judgment entry was not prepared nor approved until April 12, 1934, and the order in the proceedings in aid of execution was made on February 23, 1934, could the court,

as of the latter date, treat the action taken by the court in the instant case as a judgment. The judgment, though speaking as of January 27, 1934, was not, as a matter of fact, carried into a journal entry, of date April 12, 1934. What of the rights involved between January 27, 1934 and April 12, 1934? Industrial Commission of Ohio v Musselli, 102 Oh St 10, is authority for the proposition that a judgment is not rendered until it is reduced to a journal entry. We recognize that as to parties to a judgment they are bound thereby, though the entry be not spread upon the journal. However, this does not waive the necessity that there be a judgment rendered which shall be reduced to an entry. Rubber Company v Realty Company, 109 Oh St 294; Coe v Erb, 59 Oh St 259. Inasmuch as the judgment nunc pro tunc was so entered upon the insistence of plaintiff's personal representative he should not now be permitted to question that the entry speaks of January 27, 1934. Whether if entered under different circumstances plaintiff would be bound by it, we do not decide.

Unless the proceedings of the Loan Company against Breyfogle to subject a part of the proceeds of the judgment afterwards rendered in the instant case was to reach such claim' before judgment, it will fail. We believe that the action was clearly one in aid of execution, as we shall hereinafter discuss.

Coming to the questions presented respecting the validity of the proceedings of the Loan Company instituted ▮▮▮▮▮▮ of date February 2, 1934, it is our conclusion that it was grounded upon §11772 GC. There is some claim by counsel for Breyfogle that the judge could have found on the evidence before him that grounds of attachment existed and that therefore an order could have been made commanding Breyfogle to pay to the Loan Company a sum of money which might be due to Watkins in the future. This claim is without merit for the reason that the motion and affidavit do not meet the requisites of §11773 GC which in our opinion requires that some ground of attachment set forth in §11819 GC shall be embodied in the affidavit, nor of §11828 GC because no copy of an order of attachment could have been left with Breyfogle as therein required. Sec 11773 should be considered in conjunction with the attachment sections §§11819, 11820, GC. So doing, it is not contemplated that the court

will make a determination that one of the grounds of attachment in §11819 exists without compliance with the jurisdictional requirement that the affidavit first set forth the grounds. The order mentioned in the section is to require the debtor to appear and answer and it could not be contemplated that the basis for the order would come from the answers of the debtor. Nor is there any finding in the order of the court that any grounds of attachment existed. Our construction of the section is strengthened by §11868-9, GC providing for an attachment against the property of a debtor before the creditor's claim is due. Sec 11869 specifically provides that some one of the grounds enumerated in §11863, GC for an attachment shall be set forth in the affidavit. There is nothing in the motion nor the affidavit of counsel for the Loan Company or in the order of the court to indicate any purpose to invoke the provisions of §11773, GC. On the contrary, there is every indicia that this proceeding was grounded upon §11772, GC and in aid of execution.

We must, therefore, examine the proceedings in aid of execution to determine whether or not what was done was without jurisdiction. Obviously, if the court was clothed with jurisdiction to make the order upon Breyfogle, it can not be attacked in this proceeding, though it may be irregular.

The first claim is that as a prerequisite to the proceedings in aid it should be asserted and established that an execution had issued against the property of a debtor and return thereon made. The first part of §11772, GC is conclusive that a return of execution is one of the elements essential to the relief provided in the section. Observe the language:

"After the return of an execution against the property of a judgment debtor, * * * and upon proof in writing, by affidavit or otherwise, to the satisfaction of the judge, that a person or corporation has property of such judgment debtor, or is indebted to him, the judge, by order, may require such person * * * to appear at a specified time and place, and answer concerning it."

The courts have given consideration to similar language in other sections of the Code, relating to attachment, proceedings in aid of execution, etc. Sec 11768, providing for examination of debtor after return of execution, was considered in **Stern,** et al. v **Columbus Mutual Life Ins. Co.** et al., 39 Oh Ap. 498, (10 Abs 552) and it was there held that the section required that it be shown that an execution has been returned unsatisfied and at page 501 of the opinion, Judge Mauck says:

"In a proceeding under this section (11768, GC) the test is not whether the judgment debtor has property subject to levy; it is whether an execution has been returned unsatisfied. If the execution has been returned unsatisfied in whole or in part, the sole requirement of the statute has been met."

And at the bottom of page 501 it is said:
"It (§11768, GC) simply requires as a condition precedent to the granting of the order, that the execution shall have been returned unsatisfied in whole or in part."

The specific question was under consideration in **Southern Ohio Finance Corp.** v **Wahl, Jr., 34 Oh Ap. 518.** Judge Ross writing the opinion, at page 524 said, among other things, that one of the reasons for the proceedings in aid of execution being invalid was that there was no record of an execution levied.

**Sec 11769** says:
"After the issue of an execution against property," etc.,

whereas §11772 reads:
"After the return of an execution against the property of a judgment debtor", etc.

**17 O. Jur., 1028,** considers §11769:
"The issuance of an execution against property of the judgment debtor may be a basis for an order for the examination of the debtor upon satisfactory proof that the judgment debtor has property, which he unjustly refuses to apply toward the satisfaction of the judgment, although the execution has not been returned unsatisfied."

Several cases are cited, in all of which it is assumed that as a prerequisite to invoking the statute the execution shall issue. Discussing the subject generally, it is said in 23 C.J., 842:

"In all cases the issuance of an execution is a condition precedent to a resort to supplementary proceedings * * *."

Our procedure in proceedings in aid of execution has been taken largely from the

State of New York and therefore opinions from that jurisdiction are valuable and helpful. In Jennings v Lancaster, N.Y. Supp., 196, it was held that:

"Where the statute requires a return of execution, or where the proceeding is based upon a particular provision of the statute which requires a return as a condition precedent, a return unsatisfied in whole or in part is necessary and the objection that there was no such return is jurisdictional and not waived by the appearance and submission to examination."

Of course, in the instant proceedings it was only necessary that the affidavit assert and the testimony prove that an execution had issued and the return had been made thereon.

We are cited to 17 O.J., 1015, paragraph 546:

"A judgment on which an execution has been, or at least may be, issued is essential to a proceeding in aid of execution. Moreover, it has been declared that if the judgment is void, a motion to dismiss the proceedings in aid of execution must be granted. However, if the judgment is irregular but not void, it can not be attacked collaterally in the proceeding in aid of execution."

From this it is urged that there is no necessity of showing that the execution has been returned. We do not so interpret the quoted language. It relates solely to an essential of the proceedings that there shall be a valid judgment and does not reach the question whether or not the statute also contemplates that an execution shall issue and be returned.

No case has been cited nor have we, in our independent investigation, found any which holds that it is not █ necessary in invoking the provisions of §11772 and kindred sections to charge and prove that an execution has been issued and returned. On the contrary, all authorities hold that such fact must be set forth and established as a jurisdictional prerequisite to the operation of the provisions of the sections.

It is our judgment that the affidavit in this case was defective in that it did not invoke the jurisdiction of the court in the proceedings in aid of execution and that as no proof was forthcoming could have been, that an execution had issued and had

been returned on the judgment in behalf of the Loan Company against Watkins there could have been no order to Breyfogle properly made in the proceedings.

There is no force in the claim that it was vital to the proceedings in aid that Watkins be notified. Such order is discretionary with the judge before whom the proceedings are pending.

Order reversed, motion to satisfy judgment overruled.

BARNES, PJ, and GEIGER, J, concur.