## TAYLOR v DAYTON BLDG. & LOAN ASSN. et

Ohio Appeals, 2nd Dist. Montgomery Co

No 1494. Decided Feb 27, 1939

Brumbaugh & Brumbaugh and Ralph Skilken, Dayton, for appellant.

McConnaughey, Demann & McConnaughey, Dayton, for appellees.

## OPINION

BY THE COURT:

Mary Taylor, plaintiff-appellant, has filed her application for rehearing in accordance with the rules of the Court, especially stressing the transaction of April 1, 1929, involving three certificates of that date in the total sum of $48,000.00. Among the statements of counsel is that to the effect that running through the court's consideration there is a reluctance to give the amount of credence to the oral testimony of Mary Taylor and of Carrie Thomas to which it is entitled.

The Court stated on page 6 of its original opinion in reference to the testimony of Mary Taylor, "these and many other things in reference to her testimony have attracted our attention, but as before stated we will not weigh them in the scales against her except so far as to say that we are more inclined to give credence to actual transactions evidenced by the books and records, than to her statements as to her intention or the effect of her declarations."

The Court examined at great length the records of the Association as disclosed by the oral testimony of the several witnesses and the exhibits and its conclusion was reached after a consideration of all the evidence in the case.

Counsel refer to cases decided by this court as follows, Bessie Sharts v Paul A. Warner, Supt., 23 Abs 88; Lillian E. McFall v W. Paul Wagner, 27 Abs 415; Schultheis v Kroeger, Supt., 27 Abs 74, and states:

"We assume that there is an equality of justice that must run through all cases and if the court could not find in other building association cases decided by it sufficient proof of knowledge for estoppel, it certainly can not find that evidence in this case

with reference to the transaction of April 1st, 1929."

The Court has carefully re-examined the cases referred to and has no difficulty in finding distinguishing features as disclosed by the evidence which justify the conclusion of the Court in the several cases cited without making them controlling in the case at bar.

Counsel has referred to a summary on page 15 of the court's opinion as if it were a summary of the court's conclusion, whereas it is as a matter of fact a summary of the testimony of Carrie D. Thomas which is subject to the same observation the court made in reference to the testimony of Mary Taylor, that the court was inclined to give credence to actual transactions rather than the oral statements of witnesses.

While we can readily understand the insistence of counsel that the transaction of April 1, 1929, has distinguishing features from the other transactions, we are of the opinion that it falls within the principles stated in the syllabus.

The Court on page 42 makes this observation:

"It is regrettable that neither counsel felt at liberty to call A. C. McDonald, as we understand that he is available. As secretary and factotum in the management of the bank, he certainly would have been able to give more definite, satisfactory information than we have had. It is of course possible that both parties were afraid to produce him."

Since the filing of this application for rehearing there have been current intimations that counsel for either the appellants or appellee intended to apply to the court for permission to produce further evidence, and the court has delayed its decision on this application to give opportunity for such proceeding, but nothing has developed along this line.

We have carefully re-examined our opinion and all the cases referred to by counsel and feel that nothing new can be presented on a rehearing. The Court rendered a very long opinion, covering 48 pages, examining every point presented by the evidence.

Counsel assert as a reason why the rehearing should be granted that counsel did not present oral argument in the original hearing which he now wishes to do. Counsel had carefully briefed all matters which he desired to call to the attention of the court and the court gave careful consideration to all questions so presented. We are not of the opinion that the desire to engage in oral argument is a sufficient reason to grant a rehearing. A well prepared brief furnishes much more aid to the court than does oral argument.

Application for rehearing denied.

HORNBECK, PJ, GEIGER and BARNES, JJ, concur.